UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TRUSTEES OF THE CONSTRUCTION INDUSTRY AND LABORERS HEALTH AND WELFARE TRUST, et al., <br><br> Plaintiffs, <br><br> v. <br><br> GENE COLLINS, an individual doing business as SOUTHERN NEVADA FLAGGERS & BARRICADES, <br><br> Defendant. | 2:10-CV-1563 JCM (RJJ) |

**ORDER**

Presently before the court is plaintiff Trustees of the Construction Industry and Laborers Health and Welfare Trust et al's motion to dismiss counterclaim (doc. #7). To date, defendant Gene Collins d/b/a Southern Nevada Flaggers Barricade (hereinafter "SNF") has failed to file an opposition.

Nevada Local Rule 7-2 provides in pertinent part that "[t]he failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion." However, failure to file an opposition to a motion to dismiss is not cause for automatic dismissal. *See Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995). Before dismissing the action, the district court is required to weigh (1) the public's interest in expeditious resolution; (2) the court's need to manage its docket; (3) the risk of prejudice; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Id*. (quoting *Henderson v.*

**James C. Mahan**
**U.S. District Judge**

*Duncan*, 779 F.2d 1421, 1423 (9th Cir.1986)).

Here, those factors weigh in favor of dismissal. The public's interest in expeditious resolution of litigation, the court's need to manage its docket, and the lack of prejudice weigh in favor of granting the motion to dismiss. Additionally, the present motion to dismiss has merit.

In the present motion, plaintiffs assert that defendant's counterclaim (doc. #6) should be dismissed because it fails to state the basis of jurisdiction, as required by Federal Rule of Civil Procedure 8(a)(1). Further, plaintiffs assert that this renders the counterclaim inadequate to state a claim for relief, and that it should be dismissed under rule 12(b)(6).

Pursuant to Federal Rule of Civil Procedure 8(a)(1), pleadings that purport to state a claim for relief must include "a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support." Federal Rule of Civil Procedure 12(b)(6) provides that dismissal is proper when a complaint fails to state a claim upon which relief can be granted.

Defendant SNF's counterclaim (doc. #6) does not include a jurisdictional statement as required. Plaintiffs claim that due to the defendant's failure to include the statement, they are unable to provide an appropriate response. Specifically, plaintiffs assert that SNF's counterclaim seeks an inspection and accounting, but does not provide whether he purports that the claim arises under the Labor Management Relations Act or ERISA, or whether he is seeking to invoke the court's supplemental jurisdiction, and is asserting a state law claim. Further, plaintiffs assert that in any of the above mentioned situations, the plaintiffs would move to dismiss based upon other grounds such as standing and preemption.

Accordingly,

. . .

. . .

. . .

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

1. IT IS HEREBY ORDERED ADJUDGED AND DECREED that plaintiff Trustees of the Construction Industry and Laborers Health and Welfare Trust et al's motion to dismiss counterclaim (doc. #7) be, and the same hereby is, GRANTED without prejudice.

DATED December 22, 2010.

_____
**UNITED STATES DISTRICT JUDGE**