# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

TRUSTEES OF THE CONSTRUCTION INDUSTRY AND LABORERS HEALTH AND WELFARE TRUST, et al.,

    Plaintiffs,

v.

GENE COLLINS, an individual doing business as SOUTHERN NEVADA FLAGGERS & BARRICADES,

    Defendant.

2:10-CV-1563 JCM (RJJ)

## ORDER

Presently before the court is plaintiffs Trustees of the Construction Industry and Laborers Health and Welfare Trust, Trustees of the Construction Industry and Laborers Joint Pension Trust, Trustees of the Construction and Laborers Vacation Trust, and Trustees of the Southern Nevada Laborers Local 872 Training Trust's ("trust funds") motion for summary judgment. (Doc. #13). The defendant Gene Collins, an individual doing business as Southern Nevada Flaggers & Barricades, has filed an opposition (doc. #14), and the plaintiffs have replied (doc. #17).

The instant dispute concerns delinquent payments by the defendant to a trust fund as required by the trust agreements, collection policy and by the Employee Retirement Income Security Act of 1976 ("ERISA"), 29 U.S.C. § 1132(g). Defendant is a contractor that signed a memorandum agreement with the Laborers International Union of North America Local No. 872 ("union") to contribute to the trust funds. However, plaintiffs allege that defendant was delinquent in its

**James C. Mahan**
**U.S. District Judge**

1  payments to the trust funds and is subject to mandatory penalties. In the present motion (doc. #13),
2  plaintiff asks this court to enter summary judgment in favor of the trust funds and against the
3  defendant for interest, liquidated damages and attorney's fees and costs, totaling $69,646.83.

4  Summary judgment is appropriate when, viewing the facts in the light most favorable to the
5  non-moving party, there is no genuine issue of material fact, and the moving party is entitled to
6  judgment as a matter of law. *Bagdadi v. Nazar*, 84 F.3d 1194, 1197 (9th Cir. 1996); FED R. CIV.
7  P. 56©. The moving party bears the burden of presenting authenticated evidence to demonstrate the
8  absence of any genuine issue of material fact for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323
9  (1986); *see Orr v. Bank of America*, 285 F.3d 764 (9th Cir. 2002) (establishing the standard required
10 to authenticate evidence in the Ninth Circuit).

11 The plaintiffs urge the court to grant summary judgment in their favor on the claim that they
12 are entitled to the award of interest, liquidated damages and attorneys' fees and costs under the
13 mandatory terms of the trust agreements, collection policy, and ERISA. An entity under ERISA,
14 such as the plaintiffs here, can require the court to award these payments when there is delinquency
15 in payment. *See* 29 U.S.C. § 1132(g). In other words, the plaintiffs have already received the late
16 payments from the defendant but now require the court to force the defendant to pay the legal
17 penalties for its tardiness under the trust agreement and ERISA.

18 Here, the defendant asserts an affirmative defense of racial discrimination in its opposition
19 to the plaintiffs' motion for summary judgment. (Doc. #14). Defendant did not allege the defense
20 in its answer (doc. #6) and never put the plaintiffs on notice. *See* FED R. CIV. P. 26. "In responding
21 to a pleading, a party must affirmatively state any avoidance or affirmative defense . . ." FED R. CIV.
22 P. 8(c)(1). However, the Ninth Circuit has allowed for affirmative defenses to be raised in a motion
23 for summary judgment if the other party is not prejudiced by the delay. *See Rivera v. Anaya*, 726
24 F.2d 564, 566 (9th Cir. 1984); *Healy Tibbitts Const. Co. v. Ins. Co. of N. Am.*, 679 F.2d 803, 804
25 (9th Cir. 1982).

26 The plaintiffs argue that the defendant has had ample opportunity to allege discrimination
27 and that they are "egregiously prejudiced" by this last minute assertion which has prevented

28

**James C. Mahan**
**U.S. District Judge**

- 2 -

1  discovery regarding such a defense. (Doc. #17, pg. 3). The allegation of discrimination is more
2  properly directed towards the union, and the defendant has previously brought the exact claim in
3  another proceeding against the union. *See* (Doc. #14, pg. 3). Therefore, plaintiff argues that the
4  defendant knew of the defense long before filing its response to the motion for summary judgment
5  and should not profit from waiting to spring the trap. The court agrees.

6        Federal Rule of Civil Procedure 8© requires that a court treat an improperly designated claim
7  as an affirmative defense if "justice so requires." *389 Orange St. Partners v. Arnold*, 179 F.3d 656,
8  664 (9th Cir. 1999) (holding against the inclusion of the affirmative defense even after repeated
9  efforts to notify and include). Unlike the party in *Arnold*, the defendant has seemingly lain in wait
10 for the plaintiffs' motion for summary judgment and has never given any indication of its intentions
11 to allege discrimination. By bringing a similar action in another proceeding, the defendant has
12 shown it knew of the discrimination defense prior to the filing of the motion for summary judgment,
13 and should have, at a minimum, provided notice to the plaintiffs. Therefore, the court disregards the
14 alleged affirmative defense and declines to consider the exhibits attached to the defendant's
15 opposition.

16       In addition to alleging the affirmative defense, the defendant argues that summary judgment
17 is inappropriate because the interest calculations and the date the defendant was placed on the
18 delinquent list are material facts in dispute. The court disagrees. The defendant has not provided
19 evidence to support its argument. In contrast, the plaintiffs have shown that the interest rate was
20 calculated and applied correctly and that the scope of their claims do not involve any factual dispute
21 alleged by the defendant. *See e.g.*, plaintiffs' motion for summary judgment, (doc. #13) Ex. 11 at
22 LAB000213; Ex. 5 at 2 ¶¶ 9,10; defendant's opposition, (doc. #14) Ex. 19.

23       The burden in a motion for summary judgment is on the moving party, here plaintiffs, to
24 establish that they are entitled to judgment as a matter of law. *Bagdadi*, 84 F.3d at 1197. The court
25 finds that the plaintiffs have met their burden.

26 . . .

27 . . .

28

**James C. Mahan**
**U.S. District Judge**

- 3 -

Case 2:10-cv-01563-JCM-RJJ   Document 18   Filed 07/14/11   Page 4 of 4

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiffs' motion for summary judgment (doc. #13) is GRANTED. Plaintiff is to prepare and submit an appropriate judgment.

DATED July 14, 2011.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 4 -